# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WALTER J. D. MOFFETT,**

    Plaintiff,

v.                                                           **Case No. 20-CV-167**

**SHANNON SCHMIDTKNECHT,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Walter Moffett, a prisoner at the Wisconsin Secure Program Facility who is representing himself, is proceeding on claims that the defendants improperly handled his mail. (ECF No. 11.) The Prison Litigation Reform Act (PLRA) applies to this case because Moffett was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). On October 23, 2020, the defendants filed a motion for summary judgment on the ground that Moffett failed to exhaust the available administrative remedies on all but one of his claims. (ECF No. 22.) On March 4, 2021, the court stayed the dispositive motion deadline pending its decision on the defendants' motion. (ECF No. 36.)

*1. Factual Background*

The court allowed Moffett to proceed on five claims arising under the First Amendment based on allegations that the defendants either interfered with him receiving his mail or ignored his complaints about the interference. (ECF No. 11 at 5-8; ECF No. 23 at 6.) Defendants assert that Moffett properly exhausted the administrative remedies on his claim that defendant Travis Haag gave his mail to another inmate on February 8, 2017. (ECF No. 23 at 7; ECF No. 28 at ¶4.) They assert that he did *not* properly exhaust the remaining claims before he initiated this lawsuit.

According to the defendants, in addition to his inmate complaint about the February 8 incident, Moffett filed an inmate complaint on May 22, 2017, asserting that he was being denied mail containing legal documents and an obituary, but that inmate complaint was rejected as moot after Moffett said he was mistaken about the mail not being delivered. (ECF No. 28 at ¶¶ 5-6.) On September 19, 2017, Moffett filed an inmate complaint about Haag harassing him, but that inmate complaint was rejected for falling outside the scope of the inmate complaint review system because Moffett had not yet completed the appeal process on a related conduct report. (*Id.* at ¶¶ 7-8.) Moffett did not appeal the rejection of his September 19 inmate complaint. (*Id.* at ¶ 9.)

Moffett asserts that he tried to exhaust the administrative remedies, but his efforts were "hindered in numerous of ways," including "rejecting, stealing, and simply not respond to many of [his] complaints, [and] non-investigating." (ECF No. 32.) Moffett asserts that he "took his complaints to the U.S. Marshal Office E.D., State

and U.S. legislatures, Wisc. Disability Office, U.S. Department of Justice Civil Rights Division and others, Columbia County District Attorneys' Office, Circuit Court Judge and other persons of interest." (*Id.*) Moffett says he has no record of his efforts because "defendants use their positions to hinder, damage, or destroy [his] records by using their time to enter [his] cell to destroy & steal any type or kind of evidence against them." (*Id.*)

*2. Legal Standard*

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*,

3

885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

*3. Analysis*

It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

The defendants have presented evidence showing that Moffett exhausted the administrative remedies *only* on his claim that Haag gave his mail to another inmate on February 8, 2017. Moffett asserts that he tried to exhaust the administrative

4

remedies on his other claims, but the defendants made the administrative remedies unavailable with their misconduct. Moffett offers no details about this alleged misconduct, including who was responsible, when the misconduct occurred, or how those involved interfered with his exhaustion efforts. He also provides no documents supporting his assertions about his efforts to exhaust, explaining the absence by blaming unidentified people for allegedly stealing or destroying all his records. Despite his assertions that unidentified bad actors entered his cell at some unspecified time and stole or destroyed his records, he attached fifteen exhibits to his complaint, including copies of inmate complaints, interview/information requests, and correspondence he wrote to supervisors. None of the exhibits establish that he exhausted the available administrative remedies on the claims in question, but they do undermine Moffett's vague and unsupported assertions about the destruction of his records.

The Court of Appeals for the Seventh Circuit has said many times that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). "Conclusory allegations will not defeat a motion for summary judgment." *Martin v. Noble County Sheriff's Dep't*, No. 18-cv-121, 2021 WL 26310, at *17 (N.D. Ind. Jan. 4, 2021) (citations omitted). Federal Rule of Civil Procedure 56 "demands something more than the bald assertion of the general truth of a particular matter, rather it

5

requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998).

Moffett's bald assertion that the defendants' actions made the administrative remedies unavailable to him is insufficient to defeat their summary judgment motion. He has not set forth specific facts of which he has personal knowledge to create a dispute of material fact. Instead, he vaguely asserts that someone at some time somehow thwarted his efforts to exhaust. Those conclusory allegations are not enough to rebut the defendants' evidence establishing that he failed to exhaust the available administrative remedies on all but one of his claims. Accordingly, the court will grant the defendants' summary judgment motion.

**IT IS THEREFORE ORDERED** that the defendants' summary judgment motion on the ground that Moffett failed to exhaust the available administrative remedies on all but one of his claims (ECF No. 22) is **GRANTED**. All of Moffett's claims except his First Amendment claim that Haag gave his mail to another inmate on February 8, 2017, are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, if the parties wish to file a summary judgment motion on the merits of Moffett's surviving claim, they must do so by **May 3, 2021.**

Dated in Milwaukee, Wisconsin this 17th day of March, 2021.

        BY THE COURT

        _William E. Duffin_
        WILLIAM E. DUFFIN